UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. CYNTHIA M. RUFE |
| v. | CRIM. NO. 13-582 |
| COLISE HARMON | |

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29 OR, IN THE ALTERNATIVE, FOR A NEW TRIAL UNDER RULE 33, FEDERAL RULES OF CRIMINAL PROCEDURE

Colise Harmon, through undersigned counsel, moves, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for a judgment of acquittal on Count One of the Indictment because the United States has failed to meet its burden to introduce evidence that is sufficient to sustain a conviction against Mr. Harmon on that Count. In the alternative, Mr. Harmon moves, pursuant to Rule 33, for a new trial.

I. MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29

A. Standard for Relief

To grant this Rule 29 motion, the Court must find, [that] "review[ing] the record in the light more favorable to the prosecution[,]" that no "rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Bobb,* 471 F.3d 491, 494 (3d Cir.) (2006); *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (same). The Court reviews the evidence "as a whole, not in isolation." *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010). A finding of insufficient evidence applies "to cases where the prosecution's

failure is clear." *Brodie*, 592 F.3d at 480 (citing *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002)).

In this case, no rational trier of fact could have found that Mr. Harmon agreed to join a conspiracy to distribute controlled substances with Leon Little. Count one of the Indictment alleges that Mr. Little and Mr. Harmon "[C]onspired and agreed, together, and with others known and unknown to the Grand Jury to knowingly and intentionally distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), (b)(2)."

The specific elements of conspiracy are: "(1) an agreement to distribute controlled substances; (2) the defendants intentionally joining the agreement; (3) one of the conspirators committing an overt act; and (4) an overt act in furtherance of the conspiracy." *United States v. Rigas*, 605 F.3d 194, 206 (3d Cir. 2010). "It is fundamental that a conviction for conspiracy under 18 U.S.C. [§] 371 cannot be sustained unless there is proof of an agreement to commit an offense against the United States." *Ingram v. United States*, 360 U.S. 672, 677-78 (1959); *see, e.g., United States v. Davis*, 458 F. App'x 152, 160 (3d Cir. 2012) (granting acquittal where the government failed to show that an agreement – "the *sine qua non* of the crime itself" – existed because the government merely relied on "unusual" circumstances as evidence of a conspiracy).

The Third Circuit has stated that the evidence used to prove a tacit agreement in a conspiracy prosecution, such as alleged here, requires scrutiny. *United States v. Tyson*, 653 F.3d 192, 206. (3d Cir. 2011). Third Circuit precedent provides that "[t]he existence of a conspiracy can be inferred from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants could not have been carried

on except as the result of a preconceived scheme or common understanding." *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002). When a conspiracy is alleged, the Court must "closely scrutinize the sufficiency of the evidence" because a "defendant's guilt must always remain individual and personal." *Tyson*, 653 F.3d at 206.

Even when the related facts and circumstances are taken into consideration in the light most favorable to the government, no rational trier of fact could have found Mr. Harmon guilty of entering into an agreement with his co-defendant, Mr. Little, to distribute oxycodone and alprazolam.  First, the evidence presented at trial showed absolutely no communication (either directly or through telephone calls) between Mr. Little and Mr. Harmon from December 2011 through the end of the alleged conspiracy in July 2012 - a time period in which Mr. Harmon is alleged to have been the primary driver for the Little DTO.  It is impossible to conceive of a scenario where an alleged conspiracy of this scope and magnitude could have been orchestrated without *any* communication between Mr. Little and Mr. Harmon.  This simply is not how Mr. Little's drug operation worked.  The trial evidence revealed that – unlike the silence between Little and Harmon when Harmon was the alleged primary driver – there were literally thousands of contacts between Mr. Alexander, Mr. Baldwin, and Mr. Little when Alexander and Baldwin were the primary drivers.

Second, there is no reliable or credible evidence that Mr. Harmon drove any pseudo-patients at any time. *All* of the cooperating government witnesses who testified for the government on this point were caught in flat-out untruths and/or glaring inconsistencies.  None can be trusted to the point of allowing a jury to render a rational verdict.  For instance, some cooperators testified that Mr. Harmon drove them to and from the doctor and/or the pharmacy when Mr. Harmon was, in fact and irrefutably, incarcerated. Therefore, not only should their testimony (along with those

of the other untruthful cooperators) be disregarded, but the integrity of, and any confidence in, the entire verdict is undermined.  For instance, it is impermissible for such factually false evidence to be used to support an explicit or implicit argument to the effect of, "well if he drove on those days, he also must have driven on other days" for the Little DTO when he was not incarcerated.  If that were permitted, the Court would be acknowledging that, in essence, a lie could be used to prove the truth.  By definition, such reasoning is irrational.

Third, the fact that Mr. Harmon did not join in a conspiracy with Mr. Little becomes clear when the Court takes into consideration that Mr. Harmon did not enjoy the same financial rewards as Mr. Little, Mr. Alexander, Ms. Hertzstein, and even Mr. Baldwin.  That is, the government was obliged to prove that the conspirators had "a unity of purpose, an *intent to achieve a common goal*, and an agreement to work together." *United States v. Navarro*, 145 F.3d 580, 593 (3d Cir. 1998) (emphasis added).  If Mr. Harmon were the "player" the government alleged, he would have reaped rewards akin to those of his supposed conspirators.

Therefore, because the Government has failed to meet its burden in proving beyond a reasonable doubt each element of Count One, pursuant to Fed. R. Crim. P. 29, the Court must acquit Mr. Harmon of conspiracy.

II.     MOTION FOR A NEW TRIAL PURSUANT TO RULE 33

A. Standard for Relief

Mr.  Harmon asks this Court to consider this Motion for a New Trial after and to the extent that the Court does not grant relief – *i.e.*, acquittal – pursuant to Rule 29.  If such relief is not granted under Rule 29, a new trial is warranted for Count One pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  Under Rule 33, the district court may grant a new trial based on the evidence in the trial record should the "interest of justice" require it.

Unlike motions brought pursuant to Rule 29, where the Court must consider the evidence in "the light more favorable to the prosecution [,]" United States *v. Bobb,* 471 F.3d 491, 494 (3d Cir.) (2006),[1] the Court must conduct its review for Rule 33 under a more balanced standard. Specifically, "when a district court evaluates a Rule 33 motion it *does not* view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (emphasis added); *accord United States v. Brennan*, 326 F.3d 176, 188-89 (3d Cir. 2003). Therefore, the Court has the sound discretion to "set aside the verdict and order a new trial." *United States v. Zimmerman*, No. CRIM. A 99-781-2, 2001 WL 706256, at * 3 (E.D. Pa. June 21, 2001), *aff'd*, 80 F. App'x 160 (3d Cir. 2003).

The "interests of justice" require a new trial pursuant to Rule 33 if the district court determines "that the verdict constitutes a miscarriage of justice." *United States v. Rhines*, 143 F. App'x 478, 484 (3d Cir. 2005). If there is "a serious danger that a miscarriage of justice occurred, *i.e.,* that an innocent person has been convicted [,]" then a new trial should be ordered. *United States v. Favato*, 533 F. App'x 127, 131 (3d Cir. 2013).[2] Because the Government failed to introduce evidence sufficient to prove a conspiracy between Mr. Harmon and Mr. Little as alleged in Count One of the Indictment, and for the reasons outlined above in Section I of this Motion, the jury's verdict is against the weight of the evidence, and the interests of justice require a new trial on that Count.

For these reasons and such others as the Court may find, this Court should grant Mr. Harmon a new trial on Count One pursuant to Rule 33 the Federal Rules of Criminal Procedure.

---

[1] *Accord United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (same).
[2] *Accord United States v. Parker*, No. 05-CR-702, 2006 WL 1648953, at *1 (E.D. Pa. June 9, 2006) (the court should grant a Rule 33 motion "where the failure to do so would result in a miscarriage of justice.").

Respectfully submitted,


 /s/ Caroline Goldner Cinquanto
*Counsel for Colise Harmon*

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served by ECF on January 12, 2017, upon:

> Tomika Patterson, Esq.
> Assistant United States Attorney
> Eastern District of Pennsylvania
> 615 Chestnut Street
> Philadelphia, PA 19106

> /s/Caroline Cinquanto
> Caroline Golder Cinquanto

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 13-582 |
| | : | |
| COLISE HARMON | : | HON. CYNTHIA M. RUFE |

ORDER

**AND NOW**, on this _____ day of January, 2017, upon consideration of Defendant Colise Harmon's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, a Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
HON.  CYNTHIA M. RUFE
U.S. DISTRICT COURT JUDGE